I concur in the affirmation of the trial court's judgment in this case. While remarks directed about the police generally may not constitute "fighting words," the law does not and should not protect those who verbally abuse and threaten individual police officers from the consequences of such intolerable conduct. There is a clear distinction between the use of profane language in the presence of the police and profane language directed towards an individual police officer. While a police officer is trained to deal with obnoxious people, verbal abuse and physical conduct directed at a police officer go beyond the mere duties of the job and may constitute disorderly conduct when the officer is inconvenienced by the situation. State v. Wood (1996),112 Ohio App.3d 621, 679 N.E.2d 735.
In this case, the evidence established that Officer Soika was annoyed, inconvenienced, alarmed and physically offended by appellant's statements and actions that were specifically directed towards Officer Soika. Under these circumstances, the judgment below is not against the manifest weight of the evidence and, therefore, should be affirmed.
 ________________________________________ JUDGE DIANE V. GRENDELL